IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRUCE A. ARGO, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | No. 3:20-cv-03032-K (BT) | |
| § | | |
| UNITED STATES OF AMERICA, § | | |
| et al., § | | |
|     Respondents. § | | |

## **FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
## **OF THE UNITED STATES MAGISTRATE JUDGE**

Bruce A. Argo, a former federal prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking an earlier release to a Residential Reentry Center (RRC) or a halfway house. The District Court referred the matter to the United States magistrate judge pursuant to the provisions of 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should DISMISS the petition or, in the alternative, DENY it.

I.

In 2006, a district court in the Eastern District of Texas sentenced Argo to 92 months' imprisonment for possessing an unregistered firearm, in violation of 18 U.S.C. § 5861. Fourteen years later, Argo sent a letter motion to the sentencing court inquiring about his eligibility for a transfer to a halfway house. He stated, "I am eligible for 12 months halfway house but was only put in for 6 and received less than 5 months." Pet. 2 (ECF No. 28). Argo asked to be given twelve months of placement in a halfway house. The sentencing court construed his letter motion as

1

a petition for a writ of habeas corpus under 28 U.S.C. § 2241. And because Argo was then incarcerated at the Federal Correctional Institution (FCI) Seagoville in Seagoville, Texas, which is in Dallas County and the Northern District of Texas, the sentencing court transferred Argo's petition here—to the Northern District of Texas, Dallas Division. *See Lee v. Wetzel*, 244 F.3d 370, 373-74 (5th Cir. 2001) (noting that a § 2241 petition must be filed in the district where the prisoner is incarcerated); *see also United States v. Gabor*, 905 F.2d 76, 77-78 (5th Cir. 1990) (to entertain a § 2241 habeas petition, a court must have jurisdiction over the prisoner's custodian upon filing of the petition). On August 16, 2021, Respondent filed a notice stating that Argo was released from the custody of the Bureau of Prisons (BOP) on August 3, 2021. Argo has not filed any response.

II.

Argo was released from the BOP on August 3, 2021, and with his release, his petition was rendered moot. A case becomes moot "if an event occurs during the pendency of the action that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (citing *Mills v. Green*, 159 U.S. 651, 653 (1895)); *United States v. Jackson*, 771 F.3d 900, 903 (5th Cir. 2014). Here, Argo's release from the BOP rendered his request for an earlier release from prison to a halfway house impossible for the Court to grant. For this reason, the Court should dismiss his petition as moot. *See Smith v. Fleming*, 2002 WL 31114021 (N.D. Tex. Sept. 20, 2002) (habeas petition dismissed as moot where petitioner sought placement in

community corrections center (CCC) or halfway house and was accepted into CCC during pendency of petition); *Huber v. Bauknecht,* No. 3:04CV284MCREMT, 2005 WL 5974541, at *2 (N.D. Fla. Nov. 10, 2005) (same where petitioner was released from custody before court could consider petition seeking placement in a CCC for the final six months of sentence).

### III.

In the alternative, even if Argo's petition had not been rendered moot, it fails on the merits. An inmate who challenges the fact or duration of his confinement must pursue his claim in a petition for writ of habeas corpus. *Preiser v. Rodriquez*, 411 U.S. 475, 487 (1973); *see also Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987). The "sole function" of a habeas action "is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976). Petitions under § 2241 are used to attack the manner in which a sentence is executed. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *see also Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (per curiam) (citing *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992)). Even if a prisoner is eligible for pre-release placement, there is no constitutionally-protected right to early release under 18 U.S.C. § 3621. *See Rublee v. Fleming*, 160 F.3d 213, 214 (5th Cir. 1988) (per curiam). Likewise, nothing in the Second Chance Act or 18 U.S.C. § 3621(b) entitles a prisoner to guaranteed placement in a halfway house. *See Creager v. Chapman*, 2010 WL 1062610, at *3 (N.D. Tex. Mar. 22, 2010).

A prisoner's challenge to his ineligibility for placement in a halfway house or other less restrictive confinement designed to prepare a prisoner for reentry into society impacts the execution of his sentence, and for this reason, it may be raised in a petition for a writ of habeas corpus under § 2241. *Cervante v. United States*, 402 F. App'x 886, 887 (5th Cir. 2010) (per curiam) (citing *Rublee*, 160 F.3d at 214-217; *Cleto*, 956 F.2d at 84). "Section 2241 is the proper procedural vehicle if a prisoner 'challenges the execution of his sentence rather than the validity of his conviction and sentence.'" *Gallegos-Hernandez v. United States*, 688 F.3d 190, 194 (5th Cir. 2012) (quoting *Cleto*, 956 F.2d at 84). A petitioner is entitled to a writ of habeas corpus under § 2241 only to remedy his restraint of liberty in violation of the constitution, treaties, or laws of the United States. *United States v. Hayman*, 342 U.S. 205, 211-12 & n.11 (1952); *see also Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993) (explaining that "the writ of habeas corpus has historically been regarded as an extraordinary remedy, a bulwark against convictions that violate fundamental fairness.") (quotation omitted). "Federal habeas relief cannot be had 'absent the allegation by [the petitioner] that he or she has been deprived of some right secured to him or her by the United States Constitution or laws of the United States.'" *Malachi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (internal quotations and citation omitted)).

Here, Argo has no right to earlier placement in a halfway house, the relief he sought when he filed his petition. After all, a prisoner does not have a constitutional right to be housed in a specific facility. *Meachum v. Fano*, 427 U.S. 215, 225 (1976);

*Olim v. Wakinekona*, 461 U.S. 238, 245 (1983) (stating an inmate has no "justifiable expectation that he will be incarcerated in any particular prison within a State" or "that he will be incarcerated in any particular State"); *see also Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000); *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999). Argo has no right to an early transfer to a halfway house. *See Carey v. Quintana*, 2019 WL 1233846, at *2 (E.D. Ky. Mar. 15, 2019) ("'RRC placement and home confinement are helpful resources for readjustment to society, but a prisoner does not have a constitutionally protected right to serve the final twelve months of his sentence in either a RRC or in home confinement.'") (quoting *Heard v. Quintana*, 184 F. Supp. 3d 515, 520 (E.D. Ky. 2016)). Consequently, Argo's petition should be denied.

IV.

For the foregoing reasons, the petition should be DISMISSED as moot, or in the alternative, DENIED.

SO RECOMMENDED.

Signed August 23, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

5

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).